IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TAL GROSSMAN,                              §
                                          §
                    Plaintiff,            §
                                          §    Civil Action No. 3:15-CV-1340-D
VS.                                       §
                                          §
NATIONAL TRUCK PROTECTION                 §
CO., INC.,                                §
                                          §
                    Defendant.            §

MEMORANDUM OPINION
AND ORDER

      Plaintiff Tal Grossman ("Grossman") sued defendant National Truck Protection Co.,

Inc. ("NTP") in Texas state court, alleging that NTP is liable for violating the Texas

Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-

17.63 (West 2011), and for breach of contract due to its failure to pay the costs to repair a

catastrophic failure of his vehicle, a 2010 Freightliner Cascadia Limited (the "Vehicle"), in

accordance with a warranty service contract ("Contract") that he purchased from NTP at the

time he bought the Vehicle.  NTP removed the case to this court based on diversity of

citizenship and now moves under 28 U.S.C. § 1404(a) to transfer the case to the District of

New Jersey under the terms of a contractual forum-selection clause.  For the reasons that

follow, the court grants the motion.

I

      The facts pertinent to the court's reasoning for granting the motion are essentially

undisputed.  Grossman purchased the Vehicle from Arrow Truck Sales ("Arrow") in Dallas.

At the time of the Vehicle purchase, he also purchased the NTP warranty ("Warranty"), entering into the Contract with NTP that covered the Vehicle's engine and related components. The Contract contains in ¶ XIV the following forum-selection clause ("Forum Selection Clause") under the heading "CONSENT TO JURISDICTION AND VENUE":

> You and NTP agree that any legal or equitable action for claims, debts or obligations arising out of or to enforce the terms of this Service Contract shall be brought in the United States District Court for the District of NJ or in the Superior Court of NJ, Bergen County, NJ; and that either court shall have in personam jurisdiction over You and Us and the venue of the action shall be appropriate in each court.

D. Am. App. 7. The Contract also contains in ¶ XIII the following choice of law provision: "Acceptance of this agreement shall be a contract made in the State of NJ and governed by the laws thereof." *Id.* NTP moves to transfer the lawsuit to the District of New Jersey under § 1404(a), contending that the Forum Selection Clause is mandatory and enforceable.

Grossman opposes the motion. He maintains that the Forum Selection Clause is unenforceable because it is the result of overreaching, and that public policy favors litigating the case in this court.[1] Citing Texas law, he posits that Texas law recognizes that a forum-selection clause will not be enforced where there is a showing that the clause was the result of fraud or overreaching, enforcement would be unreasonable or unjust, enforcement would contravene a strong public policy of the forum where the suit was filed, or the selected forum

---

[1]Grossman also contends that NTP is relying on a contract that does not pertain to the Vehicle and that this failure of proof should alone result in denying NTP's motion. This contention has been mooted by the filing of the correct contract in NTP's amended appendix, which NTP filed with leave of court.

- 2 -

would be inconvenient for trial.

In support of his first ground, Grossman posits that when he purchased the Vehicle, the sales representative recommended the Warranty and told him that if he purchased the Warranty, it would cover the Vehicle's engine and related components; he was never informed during the purchase process that the Warranty included a forum-selection clause and was never shown a copy of the Warranty before he purchased it; he was never given the opportunity to speak with an NTP representative or negotiate any of the Warranty's terms; had he been given an opportunity to negotiate the terms, he would, as an unsophisticated buyer, have had a disproportionate lack of bargaining power; the Warranty, including the forum-selection clause, was written by NTP and benefited only NTP; the Warranty was only presented to him after he had purchased it, the Forum Selection Clause is included in the Warranty in an inconspicuous manner and would appear as "boilerplate" to him as an unsophisticated party; and because the Forum Selection Clause is the result of NTP's overreaching, it should not be enforced.

In support of his second argument, Grossman asserts that enforcement of the Forum Selection Clause would contravene strong Texas public policy, depriving him of his day in court; that he purchased the Vehicle and the Warranty from Arrow in Dallas; the catastrophic failure and subsequent breach of the Warranty occurred in Texas; all relevant witnesses to the purchase process and subsequent claims are located in Dallas; because the majority of the fact witnesses are Texas residents, obtaining their testimony would unfairly prejudice him; if the lawsuit remains in Texas, his witnesses will be able to give testimony with little

- 3 -

or no trouble, whereas if the suit is transferred to New Jersey, many fact witnesses will be unavailable due to distance; and that transferring the lawsuit to New Jersey would place a heavy financial burden on him because, as a small business owner, he is not financially able to make repeated trips to New Jersey that would be required to pursue this litigation in that forum.

## II

28 U.S.C. § 1404(a) codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ___ U.S. ___, 134 S.Ct. 568, 580 (2013). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In cases where there is no forum-selection clause, district courts "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 134 S. Ct. at 581. They analyze § 1404(a) motions under the familiar private- and public-interest factors[2] and "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 581 (quoting § 1404(a)).

But in cases where there is a valid forum-selection clause "[t]he calculus changes,"

---

[2]In *Atlantic Marine* the Court identifies non-exclusive private- and public-interest factors. *Atl. Marine*, 134 S. Ct. at 581 n.6.

because the clause "'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). In that circumstance, district courts must "adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests." *Id.* at 582. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* Accordingly, in a case involving a forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575.

III

Although Grossman appears to challenge the entire Contract as overreaching, *see* P. Resp. 3, ¶ 6 [first] ("Plaintiff further contends that a forum-selection clause used by Defendant in its contracts is unenforceable *because the contract* is the result of overreaching[.]" (emphasis added)), his challenge necessarily pertains only to the Forum Selection Clause itself rather than to the Contract as a whole. This is because Grossman's lawsuit against NTP rests fundamentally on the assumption that he and NTP in fact entered into the Contract. *See, e.g.,* Pet. ¶ 7 (alleging that he purchased the Contract in question

when he purchased the Vehicle); *id.* ¶ 8 (alleging that NTP performed under the Contract when Grossman requested reimbursement for a high pressure fuel pump failure); *id.* ¶ 9 (alleging that Grossman performed under the Contract by giving NTP notice of the subsequent catastrophic failure of the Vehicle); and ¶ 19 (asserting breach of contract claim based on the Contract).

IV

Because Grossman cannot demonstrate that the Contract itself is not binding, the question becomes whether he can show that the Forum Selection Clause should not be enforced. This question merges with whether he can establish that it would be unreasonable to enforce the Forum Selection Clause.

A

Federal law governs whether the Forum Selection Clause is binding in this action. *See Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997) ("The proper law to apply to [enforceability of a forum-selection clause] is federal, whether jurisdiction be based on diversity, a federal question, or some combination of the two."). "Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a '"heavy burden of proof."'" *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth*, 121 F.3d at 963). "Such clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007) (per curiam) (quoting *M/S Bremen v. Zapata*

*Off-Shore Co.*, 407 U.S. 1, 10 (1972)).  A forum selection clause may be considered unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (quoting *Haynsworth*, 121 F.3d at 963).  "To qualify as unreasonable, the fraud and overreaching must be specific to the forum selection clause." *Id.* (quoting *Haynsworth*, 121 F.3d at 963).

## B

Grossman has not met his heavy burden of proving that enforcement of the Forum Selection Clause would be unreasonable.  First, he has not demonstrated that the incorporation of the Forum Selection Clause into the Contract was the product of fraud or overreaching.[3]  In his affidavit, Grossman avers that the Arrow sales representative recommended this particular warranty, said that it normally sold for $3,200, but offered to reduce the price to $500 if Grossman would join a drivers association.  He asserts that he purchased the Warranty from Arrow for $500 as part of the purchase of the Vehicle; at no

---

[3]Like federal law, Texas law likewise provides that fraudulent inducement to sign an agreement containing a dispute resolution agreement such as a forum-selection clause will not bar enforcement of the clause unless the specific clause was the product of fraud or coercion.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134-35 (Tex. 2004).

time during the purchase process was he afforded the opportunity to speak or negotiate with a representative of NTP; he was not shown a copy of the Warranty until after he agreed to purchase it; it was not disclosed to him that the Warranty contained a forum-selection clause; he was never given the opportunity to read the Warranty before he purchased it, or even asked to sign it; and had he known that the Warranty contained a forum-selection clause, he would not have agreed to purchase the Warranty.[4]  The Forum Selection Clause is one clause in a six-page contract.  *See* D. Am. App. 3-8 (contract) & 7 (containing "CONSENT TO JURISDICTION AND VENUE" provision).  It is not buried in "fine print" or boilerplate. It is the fourteenth of fourteen numbered clauses, and the type size is the same as the other numbered provisions of the Contract.  Grossman does not assert, for example, that the Arrow sales representative told him that there was no forum-selection clause in the Contract, that he was shown a version of the Contract that did not contain the Forum Selection Clause, or that the representative made any representation about the Contract that was in any way inconsistent with the inclusion of a forum-selection clause.  Grossman asserts that he purchased the Warranty during the purchase process for the Vehicle, without being able to speak or negotiate with an NTP representative, that he was not shown a copy of the Warranty or given the opportunity to read the Warranty until after he purchased it, and that it was not

---

[4]Considering that shortly before Grossman made the Warranty claim at issue in this lawsuit, he made a claim for several thousand dollars under the Warranty for the repair of a high pressure fuel pump—a claim *that NTP paid*—it seems disingenuous for Grossman now to assert that he would not have purchased the Contract.  This questionable assertion is immaterial, however, to the disposition of the motion to transfer.

disclosed to him that the Warranty contained a forum-selection clause.  But he does not allege that he requested to read the Contract before purchasing the Warranty and that his request was denied, that he asked to speak to an NTP representative for purposes of negotiating the Warranty and that his request was denied, or that the sales representative misled him into believing that he would be able to read the Contract before agreeing to purchase the Warranty.  Essentially, Grossman—who avers that he is "a small business owner," Grossman Aff. 2, ¶ 5—purchased the Warranty in conjunction with his purchase of the Vehicle, without first reading the Contract.  This is not proof that the incorporation of the Forum Selection Clause into the Contract was the product of fraud or overreaching.  It is evidence that Grossman purchased the Warranty without reading the Contract before he made the purchase.

## C

Nor has Grossman demonstrated that he will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum, or that the fundamental unfairness of the chosen law will deprive him of a remedy.  In his affidavit, Grossman avers that litigating the lawsuit in New Jersey, which is 1,561 miles from his home, will be a financial burden because he resides in Dallas, he purchased the Warranty in Dallas, no repairs were performed or requested to be performed in New Jersey, the majority of the fact witnesses to the damage to his Vehicle and the repairs needed are located in Dallas, and, as a small business owner, he would not be able to afford to take time off from work to travel to New Jersey.  But Grossman must show that litigating the case in New

Jersey would be *gravely* inconvenient or unfair.  This is because mere inconvenience in litigating a case in the chosen forum may be foreseeable at the time of contracting, so "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  *M/S Bremen*, 407 U.S. at 18.  Grossman's evidence does not establish that the forum is *gravely* inconvenient or unfair, or that he will be deprived of a remedy.

D

In his response to NTP's motion, Grossman asserts that enforcement of the Forum Selection Clause would contravene strong Texas public policy.  He identifies the strong public policy as the policy against depriving a plaintiff of his day in court.  In support, he essentially cites the same evidence that the court discusses *supra* in § IV(C): he purchased the Vehicle and the Warranty in Dallas; the catastrophic failure and subsequent breach of the Warranty complained of occurred in Texas; all relevant witnesses to the purchase process and subsequent claims are located in Dallas; because the majority of the fact witnesses are Texas residents, obtaining their testimony would unfairly prejudice Grossman; if the lawsuit remains in Texas, his witnesses will be able to give testimony with little or no trouble, but if the suit is transferred to New Jersey, many fact witnesses will be unavailable; and transferring the lawsuit to New Jersey would make pursuing his claims a heavy financial burden because he is a small business owner who is not financially able to make repeated trips to New Jersey that would be required to litigate the case there.

But Texas public policy does not support Grossman's reasoning.  Texas presumes that forum-selection clauses are enforceable.  *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004).  Moreover, "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons."  *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex. 2008) (per curiam).  To overcome this assumed mutual representation, the party challenging the forum-selection clause must present sufficient evidence of "special and unusual circumstances."  *Id.*

> If merely stating that financial and logistical difficulties will preclude litigation in another state suffices to avoid a forum-selection clause, the clauses are practically useless. . . . Absent proof of special and unusual circumstances, which are not shown here, trial in another state is not "so gravely difficult and inconvenient" as to avoid enforcement of an otherwise valid forum-selection clause.

*Id.* (citation omitted).  Grossman has not demonstrated that it would contravene strong Texas public policy to enforce the Forum Selection Clause, because he has not offered sufficient proof of special and unusual circumstances establishing that trial in New Jersey would be so gravely difficult and inconvenient as to avoid enforcement of the clause.

V

"'[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'"  *Atl. Marine*, 134 S.Ct. at 581 (second alteration in original) (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J. concurring)).  "As the party acting in violation of the forum-selection clause, [Grossman] must bear the burden of showing that

public-interest factors overwhelmingly disfavor a transfer."  *Id.* at 583.

> Because [the public interest] factors will rarely defeat a transfer
> motion, the practical result is that forum-selection clauses
> should control except in unusual cases.   Although it is
> "conceivable in a particular case" that the district court "would
> refuse to transfer a case notwithstanding the counterweight of a
> forum-selection clause," such cases will not be common.

*Id.* at 582 (citation omitted) (quoting *Stewart*, 487 U.S. at 30-31).

As the party defying the Forum Selection Clause, Grossman bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.  *See id.* at 581.  Although Grossman's response and affidavit touch at least indirectly on one of the public interest factors,[5] he has failed to explicitly address the public interest factors as such, and to meet his burden of demonstrating that this is an unusual and uncommon case in which the public interest factors overwhelmingly disfavor a transfer.

---

[5]The second public interest factor evaluates the local interest in the dispute. "This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (Fitzwater, C.J.) (citing *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 792 (S.D. Tex. 2005)).  Grossman has introduced evidence concerning acts in Dallas and the state of Texas that give rise to the lawsuit.

*     *     *

For the reasons explained, NTP's motion to transfer venue is granted, and this case is transferred to the District of New Jersey.  The clerk of court shall effect the transfer according to the usual procedure.

**SO ORDERED**.

August 5, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 13 -